# THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

**FILED**

APR 0 3 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**AKINYELE ADELEKE AYODEJI**

Petitioner,

Vs

**MICHAEL CHERTOFF**, Secretary,
**Department of Homeland Security**
**ROB.F. BAKER**, District Director
**Immigration and Customs Enforcement.**
**Respondents.**

CIVIL ACTION:

'08 CV 0626 BEN AJB

## PETITION FOR THE WRIT OF MANDAMUS PURSUANT TO 28 U.S.C 1361

**AKINYELE ADELEKE AYODEJI**
**1115 N.IMPERIAL AVE**
**SAN DIEGO CALIFORNIA, 92243**

REPRESENTATIVE FOR THE PETITIONER
**AKINYELE ADELEKE AYODEJI**

# TABLE OF CONTENTS

## CONTENTS

I. INTRODUCTION...................................................................................6

II. STATEMENT OF POSITIONS ...................................................................7

III. ARGUMENT.....................................................................................15

1.   Respondents have subjected petitioner to unconstitutional deprivation taking advantage of the courts uninformed status pertaining to immigration proceedings.

2.   Respondent's action constitutes reprisal and malfeasance aimed at frustrating the petitioner as a result of his complaint to the hierarchy.
...................................................................................................... 18

3.   Due process denials has impaired petitioners right substantively and procedurally affected petitioners right to fair and unbiased hearing..............................................................22

IV. STATEMENT OF CLAIM.......................................................................24

V. PRAYER FOR RELIEF..........................................................................27

# **AUTHORITIES**

1.Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003); ……………………………..……..7

2.Pittston Coal Group v. Sebben, 488 U.S. 105, 121, 109 S. Ct. 414, 102 L. Ed. 2d408 (1988)
………………………………………………………………………………………….7

3.Kriganovska v.  INS no 704662 2002 App Lexis 10210(9th Cir 2002),………………….15

4.Nadarajah v.  Gonzales 443 F.3d 1069 (9th Cir 2006), id at 1081…………………….16,24

5.Commissioner v. Wodehouse 337 U.S 369; 69 S.ct 1120(S.ct 1949)…………………….16

6.bailey v. Richardson 182F.2d 46(D.C Cir 1950)……………………………………….17

7., Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996)(en banc)…………………18

8.Ke Zhen Zhao v. United States DOJ, 265 F.3d 83, 93 (2d Cir. 2001)………………..…..18

9.Deutsch v.Turner Corp 317 F.3d 1005,(9th Cir 2003)………………………………….19

10.United States v. Salerno, 481 U.S. 739, 755, 95 L. Ed. 2d 697, 107 S. Ct.
2095 (1987)……………………………………………………………………..…….19

11).De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir.), cert. denied, 441 U.S. 965, 60 L. Ed. 2d
1072, 99 S. Ct. 2416 (1979)……………………………………………………..…..20,21

12). United States v. moussaoui 362 F.3d 292(4th Cir 2004),…………………………….21

13. INS v. Yueh-Shai o Yang, 519 U.S. 26, 32, 136 L. Ed. 2d 288, 117 S. Ct.
350 (1996)……………………………………………………………………..…..21

*14.*(Apprendi V. New jersey) 530 U.S. 466; 120 S. Ct. 2348; 147 L. Ed. 2d 435; 2000 U.S. LEXIS 4304;(S.ct 2000)..................................................................................22

15.Washington Teachers' Union v. Bd. of Educ. of the Dist. of Columbia, 324 U.S. App. D.C. 1, 109 F.3d 774, 781 (D.C. Cir. 1997)....................................................................23

16.Comm. of United States Citizens Living in Nicaragua v. Reagan, 273 U.S. App. D.C. 266, 859 F.2d 929, 943-44 (D.C. Cir. 1988).......................................................................23

17.Young V. Hampton, 568 F.2d 1253; 1977 U.S. App. LEXIS 5433 (7th Cir 1977)....................................................................................................................23

18.Maharaj v. Ashcroft, 295 F.3d 963(9th Cir. 2002).......................................................23

19.  Immigrants Assistance Project of Los Angeles County Fed'n of Labor v. INS, 306 F.3d 842,873 (9th Cir 2003)...............................................................................................23

## FOOTNOTES

<u>Zadvydas</u> v <u>Davis</u>, 533 US 678, 690, 150 L Ed 2d 653, 121 S Ct 2491 (2001).....................ft.3 at pg.16

Demore v. Kim 538 U.S. 510 id at 531..............................................................ft.3,at pg.16,

Estes v. Texas 381 U.S 532 (S.ct 1965) {14 L. Ed. 2d 549.............................................ft.5 at pg.20

Adams v. walker 492 F.2d 1003 (7thCir 1973)..............................................ft.6 at pg.21

State v. Wallace, 59 Del. 123, 214 A.2d 886, 890 (Del. 1963). See also." State v. Langley, 214 Ore. 450, 323 P.2d 301, 309-10 (1958)..................................................................................21

# STATUTES /REGULATIONS.

28 U.S.C 1361……………………………………………..… 6,7,26,27

5 C.F.R 713.262 (a)1975………………………………...……………17.

# MOTION

IFP………………………………………………………..29

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

CIVIL ACTION:

**AKINYELE ADELEKE AYODEJI**

**Petitioner,**

**Vs**

**MICHAEL CHERTOFF**, Secretary,
**Department of Homeland Security**
**ROB.F. BAKER**, District Director
**Immigration and Customs Enforcement.**
**Respondents.**

## PETITION FOR THE WRIT OF MANDAMUS
### PURSUANT TO 28 U.S.C 1361

## I.   **INTRODUCTION**

Petitioner brings this request for the issuance of the writ of mandamus to compel

a federal officer to perform a mandated duty by the law owed petitioner as right.

Petitioner considers this court as having the inherent authority to compel the

respondents to discharge his duties thus petitioner invokes this courts

jurisdiction in support of his petitioner for the efficacious writ of mandamus.

District courts have original jurisdiction over any action in the nature of

mandamus to compel an officer or employee of the United States or any agency

thereof to perform a duty owed to a plaintiff. Pursuant 28 U.S.C. 1361.

"Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty where the Petitioners claim is clear and certain since respondents official duty is non-discretionary, ministerial, and so plainly prescribed as to be free from doubt, and there are no other adequate remedy is available." <u>Kildare v. Saenz</u>, 325 F.3d 1078, 1084 (9th Cir. 2003); <u>see also</u> <u>Pittston Coal Group v. Sebben</u>, 488 U.S. 105, 121, 109 S. Ct. 414, 102 L. Ed. 2d 408 (1988) (" Petitioner thus invoke under 28 U.S.C. 1361 for the extraordinary writ of mandamus as the only remedy available to compel the respondents to perform its duty clearly owed petitioner.

## II. <u>STATEMENT OF POSITIONS.</u>

Petitioner on 13 September 2006.Was transported by the respondents and its agents from the Corrections Corporation of America San Diego, California. ICE contract facility in Otay Mesa designed to house immigration detainees who are in immigration proceedings.  Petitioner on the above said date was moved from the facility in defiance of an appellate court order enjoining the respondents from removing the petitioner from the United States. An order from the United States Ninth Court of Appeals. Despite having briefed the respondents of the order and its pendency, Respondents in defiance and in contravention of that order proceeded to facilitate petitioner's removal from the United Sates.  Petitioner was moved from

that facility to the ICE Processing center in downtown San Diego. Petitioner was advised by the agents to separate from his luggage items that were not of necessity to his inordinate deportation scheduled to begin at 8 am that morning. Petitioner complied with the directives and continued to inform respondents of the pendency of that order which precluded respondents from removing Petitioner from the United States; While petitioner was largely ignored, at about 7 30 am petitioner was moved from the ICE processing center to the San Diego Linderberg field airport from where at about 845hrs he departed in company of agents Perry and Pye for Detroit Michigan where a connecting flight was scheduled for boarding by the respondents to Nigeria and the accompanying agents.

While petitioner complained he retrieated the pendency of the said order-enjoining respondents from removing him to another country absent the court's order; but petitioner received little or no attention from the agents. It was obvious that facilitating petitioner's removal illegally was of [1]utmost importance to the respondents. Petitioner at arrival in Michigan immediately contacted the court to inform the court of the removal that was scheduled to take place later that day with the assistance of the Court's Docketing Clerk TO WIT; Candace Permillion.

---

[1] ICE refers to the immigration and customs enforcement a parastal of the Department of Homeland Security replacing the immigration and naturalization service empowered by congress to oversee immigration enforcement within the United States.

2.Petitioner's aborted removal was carried out absent a final order of removal by the respondents, and after the ninth court of appeals enjoined it from deporting Petitioner.

The court contacted the respondents directing it to cease the removal process until a court order advised the respondents otherwise. Reluctantly the respondents immediately on receipt of the courts order proceeded to return petitioner back to San Diego. While been returned back to San Diego petitioner experienced hostility from the agents where the agent Pye directed profanities at the petitioner in an attempt to show petitioner of his opposition and disgust for the aborted removal.

Petitioner at his arrival in San Diego requested the said agent pye for his luggage, petitioner was informed that his luggage could not be retrieved that evening and that he will be returned to his facility where he had departed from that morning and his luggage will be returned by the agent the next morning. Immediately at his arrival in San Diego Field office of ICE petitioner informed the Supervisory Immigration Enforcement Agent of his situation and the fact that his luggage was not returned and also asking to speak with the agent Pye that provided his escort that evening from the Linderberg Field Airport back to the ICE processing office in Downtown San Diego.

Petitioner was informed that Agent pye had departed for the evening and that he will be receiving his luggage from ICE the very next day. Petitioner was transported back to the Otay Mesa facility. Where he was again held in detention by the service. Despite the impediments faced by the Petitioner in prosecuting his

claims and the deprivations he suffered in custody he proceeded with his claims
while he remained waiting on respondents to return his luggage petitioner
contacted the assigned agent in charge of his case, informing him of the situation;
the attempted removal and the issue surrounding his luggage and the treatment
meted out on his person by agent Pye that evening. Petitioner was assured that his
luggage will be returned and that, there will be an inquiry as to the attempted
removal.

Petitioner on the same day met with the AOIC after intimating him with treatment
meted out from his subordinates the ICE agents, on the petitioner, he assured
petitioner of the prompt return of his luggage the next day, petitioner continued to
wait and for a two week period the respondents continued to dribble petitioner as
to the accurate situation behind the delay in return of his luggage, on many
occasions petitioner contacted the ICE office in San Diego requesting the return of
his luggage without any development. 3 weeks later petitioner contacted Detention
Captain Trina Ground a SIEA.

Petitioner informed her of the humiliation he remained in as a result of the
transporting agents action and that he has tried all possible means to contact agent
Pye.  Agent ground asked petitioner to return a call back to the office in the
following week of November 1,2006 Petitioner Complied with her request and
immediately contacted the office in the following week where Agent Ground

informed Petitioner that his luggage had been returned by the agent to the detention center at facility in Otay Mesa.

Petitioner was informed of the development and immediately contacted the detention supervisory unit of Corrections Corporation of America. After few days petitioner was accessed to his belongings while petitioner retrieved his legal documents it became obvious that his camera "NIKON" with the detachable lens was missing from his property alongside a Lufthansa airlines plane ticket (valid) and other items. Petitioner had earlier spotted the missing items including the Nikon camera on the 13th of September 2006 shortly before the departure for Detroit, Michigan during the time he was asked to separate items that were not of importance to the Journey.

Petitioner Timely brought the disappearance issue to the knowledge of Security officers at the facility who are in charge of day-to-day administration at the facility. Few days after, Petitioner timely contacted by the then Assistant chief of security of the facility Jerome Williams who told Petitioner that the facility security will inquire to the missing camera as the facility had just became aware of the issue. In timely fashion and the complaint attached by Petitioner to the missing items issue Petitioner was informed after a week of said investigation by the above named designate of the facility's non-involvement in the disappearance of the

missing items. He proceeded to detail the facility's involvement as per search of

petitioners Property at its arrival at the facility. Petitioner asked the (ACOS)

Assistant Chief of security as to why the facility did not require its presence while

it audited the property at its arrival knowing fully well that Petitioner was available

in the facility while auditing his property suggesting foul play on the facility's part.

Petitioner was not only unconvinced but subjected the kangaroo investigation to

questioning Petitioner described the rush involved as fishy and described the series

of issues surrounding disappearance of items belonging to detainees as a result of

the facility's intentional acts. Petitioner nevertheless compelled the facility to pay

for the missing item; while it not only refused to provide Petitioner a written

inquiry its explanation was eventually convincing as against the silence offered by

the Respondents and its agents. The facility maintained that it had no knowledge of

the missing item. Nevertheless, Petitioner remained Suspicious and unsatisfied

with the story.

Consequently In compliance with rules petitioner followed up in writing requesting

the Removal officer, in charge of his case to request for the replacement and an

inquiry to the disappearance orchestrated by the assailants responsible for

petitioners' protocol and property designated by the immigration and customs

enforcement. REMOVAL Officer Richard Espinoza assured the petitioner of his

prompt attention to the matter.  Unwittingly Petitioner began a journey laced with

monotony perfected by the service.  On daily basis petitioner contacted the

removal officer requesting the assistance of the service in returning the missing

items from his luggage; the camera and the Lens attached to the camera alongside

the missing plane ticket.

Petitioner not only was sent from one phone to the other but also maneuvered from

an angle to the other without a direct answer, either from Agent pye strongly

believed to have taken petitioner's camera due to his hostile actions and the

confrontation that took place during the attempted removal.

It became tedious and turned to an inordinate treatment emanating from the

respondents.  Petitioner not only faced undermining demeanor from the agents but

imposition of egregious and contemptuous actions from the Respondents.

Petitioner in December in a telephonic conversation expressed his disappointment

and pain in reference to the said issue and the fact that he has been subjected to an

egregious detention situation; where his access to present his case as been impeded

and the situation at [2]hand as caused a moral setback not just as far as the missing

property but the fact that the need opportunity to present the missing evidence and

other compelling evidences was deprived of him at the immigration court

proceeding.

---

[2] Petitioner is in removal proceedings from the United States. Petitioner will proceed with this litigation regardless of the out come of his removal proceedings.

Akinyele Adeleke Ayodeji petition for the writ of mandamus.                                    13

Explaining that not only did the hindrance denied his claims prosecution to the appellate court, demonstrating again a failure perfected by the respondents on its part. Petitioner on sighting the Officer in charge with whom he had been at loggerheads prior the disappearance of the property in question reiterated his concern in reference to the partial and demeaning treatment meted out on him and others who complained about the inhumane treatment harbored by the Officer In charge constituting malfeasance.

On the 12th of December Petitioner contacted the assistant officer in charge of the facility informing him that he has written in reference to the missing item and has yet to receive any reply he informed him that neither did the new Removal officer assigned to his case given him any written reply despite having written series of letters to the Officer In charge of the facility.

Heretofore, petitioner continues to wait for the service to issue a response let alone grant his return for the missing item, neither has it conducted an inquiry into the disappearance issue.  Petitioner clearly described his denials and informed the respondents in a letter written in February 2007 that he was deprived of the opportunity to present pictures and his camera during the hearing to the immigration adjudicator while in immigration proceedings by the respondents knowing the weight carried by the evidences and the fact that he was deprived access to the missing exhibit by the respondents after series of complaints to the

agents and the counsel for the respondent, while he further described the

importance of the Camera and its content as a needed evidence. Yet the OIC did

nothing to palliate petitioner's imbroglio.  It was apparent to the petitioner that the

agents had been given orders not to attend to petitioner's request.  Petitioner

considered the exhaustion as final, futile, and tedious compelling its complaints to

this Honorable Court as the only appellate body considering petitioner as having

exhausted of all available administrative solutions available, thus making its

exhaustion final administratively.


### III **ARGUMENT.**

**1.RESPONDENTS HAVE SUBJECTED PETITONER TO UNCONSTITUTIONAL DEPRIVATON TAKING ADVANTAGE OF THE COURTS UNINFORMED STATUS PERTAINING TO IMMIGRATION PROCEEDINGS.**

Petitioner has remained in government custody particularly respondent's.  The

deprivations petitioner faced ranging from denial of food to legal materials and

other mandated item for persons in respondents custody constitutes persecution in

government custody calling for discovery see Kriganovska v.  INS no 704662 2002

App Lexis 10210(9th Cir 2002), Respondents cannot continue to hold petitioner in

it's custody especially as a non-criminal alien then subject petitioner to

deprivations. Intrinsically petitioner remains in custody deprived of constitutional

protection, not only has petitioner witnessed deprivations in lengthy[3] and

impermissible detention as such he has experienced deprivations subjectively

psychological. *See* Nadarajah v.  Gonzales 443 F.3d 1069 (9th Cir 2006), id at

1081.Respondents as a result cannot present inapposite and inaccurate depiction of

issues to the adjudicator while it deprived Petitioner of clear and convincing

evidence possessed by the petitioner in its property secured away by the

respondents, needed by the adjudicator to make a favorable decision in petitioners

favor. Respondents perpetrated this indecent act because Petitioner remained in its

custody without the opportunity to access his property in Respondents Custody.

Even though respondents has remained silent, silence does not constitute

acknowledgement or have suffice an answer *see* Commissioner v. Wodehouse 337

U.S 369; 69 S.ct 1120(S.ct 1949) *id at 1146*.Not only does the demeanor outface

---

[3]. The goal behind petitioners deprivation which is ambiguous is already defeated by the
respondents refusal to avail the petitioner the opportunity to attack his detention and charges that
were brought against petitioner See <u>Zadvydas</u> v <u>Davis</u>, 533 US 678, 690, 150 L Ed 2d 653, 121 S Ct
2491 (2001) ("Where detention's goal is no longer practically attainable, detention no longer bears
a reasonable relation to the purpose for which {538 U.S. 532} the individual was committed"
(internal quotation marks and brackets omitted)); <u>id.</u>, at 718, 150 . Petitioner's detention and the
deprivation of due process suffered is impermissible and despicable; respondents seizure of the
evidence needed in support of his claim only can be seen as punishment to the petitioner.
Individualized procedures designed to ensure there is at least some merit to the Immigration and
Customs Enforcement's action as, sufficient justification to restrain, during and pending a more
formal hearing is not only absent but, deprived of the Petitioner making petitioners imbroglio
incongruous and unconstitutional.  See Demore v. Kim 538 U.S. 510 id at 531

its reputation but contradicts statutes protecting and establishing detention laws and its subjects.

Having requested a hearing and opportunity to get out of custody it remain unclear the intent behind the malarkey, posture presented by the respondents in hindering the Petitioner not only from presenting His case but in depriving him of other necessities. It is an abuse of power clearly forbidden. Almost every power, constitutional, statutory, regulatory, contractual or whatnot.... the Constitution bestows the several powers of government with such checks and balances.... All executive power, with the stated limitations, was vested by the Constitution in the executive branch, and no part of it was vested in the executive. Because of a possible abuse by executive officials... Abuse of power is, of course, forbidden. . *See* **bailey v. Richardson 182F.2d 46(D.C Cir 1950)***(internal marks and citations omitted)*

Continued efforts by the petitioner not only to have the missing item returned but replaced has been abortive; there exists a clear indication that the extensive scrutiny required by the laws of arm suffered by a government detain through the action of an official is absent in Petitioners situation. Interpreting the Fourteenth amendment due process clause deliberate indifference is required, in discharge of duties, that the governmental actor have "subjective knowledge of a substantial risk of serious harm to a... detainee and a requirement of indifference is mandated of

the governmental actor in response to the risk be it potential or immediate, <u>Hare v. City of Corinth</u>, 74 F.3d 633, 650 (5th Cir. 1996)(en banc).   Here respondents has employed hanky panky with its knowledge of potential outcome of proceedings absent this missing item vital to the success of petitioners claim, also in dealing with petitioner a civil detainee non delinquent or a subject of a state judgment; in dealing with the burdened status petitioner is carrying as result of respondents malfeasance. Respondents were contacted by the petitioner on march 1 2006 explaining the vitality of the evidence held in its custody to the outcome of his immigration proceedings, thereafter petitioner was subjected into questioning as to his contact with the Field office director of the service.[4] Respondents' action demonstrates reprisal and its intent to continue its abuse of authority is impermissible where it has given no explanation for its acts inexplicably departs from policies or provides an explanation devoid of merit with or without summary or conclusory statements. *See* <u>Ke Zhen Zhao v. United States DOJ</u>, 265 F.3d 83, 93 (2d Cir. 2001) (citations internal marks omitted).

**Respondent's action constitutes reprisal and malfeasance aimed at frustrating the petitioner as a result of his complaint to the hierarchy.**
Petitioner approached of its agent on many occasions seeking not only a clear message but also a possible resolution; yet it not only avoided the situation on many occasions, despite Petitioner making calls to the ICE office requesting the

---

[4] The field office Director is responsible for all immigration and customs enforcement's operation  within the southern district of California.

return of his luggage on series occasions paid little or no attention. However, it remained unexplanatory as to why it took many days to return its luggage to the facility where petitioner was housed. Petitioner contends that the disappearance of his property was used as a reprisal for the aborted removal. Congress precludes a governmental action aimed at reprisal regardless of basis established for such action See Deutsch V. Turner Corp 317 F.3d 1005,(9th Cir 2003) *see also the regulations, 5 C.F.R. 713.262(a) (1975),* encompass under "reprisal" all allegations of "restraint, interference, coercion, discrimination, or reprisal in connection with the presentation" of an administrative discrimination complaint. Respondents actions are impermissible acts; reprisal cannot be used to sanction as a result of petitioners complaint in reference to poor treatment meted out on him and other detainees by the respondents.

As Chief Justice Rehnquist observed, "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." United States v. Salerno, 481 U.S. 739, 755, 95 L. Ed. 2d 697, 107 S. Ct. 2095 (1987). Petitioner has been detained without fully been availed the rights of the trial and fairness embedded in the process; petitioners detention is not warranted neither mandated as non criminal, yet he remains without the opportunity to challenge his detention or present evidence in his favor.

Petitioner considers the ash treatment petitioner occasioned in the transporting

Agent's custody and the disappearance a deliberate action. Thus, the Refusal by

the hierarchy to not only inquire into theft through an action of a designee

demonstrates abuse and the only independent empowered  and inquiring authority

to this abuse remains this Court.[5]

If there be no authority in the judiciary to restrain a lawful exercise of power by

another department of the government, where a wrong motive or purpose has

impelled to the exertion of the power, that abuses of a power conferred may be

temporarily effectual.  The remedy for this, however, lies, not in the abuse by the

judicial authority of its functions, but in the people, upon whom, after all, under

our institutions; reliance must be placed for the correction of abuses committed in

the exercise of a lawful power. *See*  <u>De La Cruz v. Tormey,</u> 582 F.2d 45, 48 (9th

---

[5] ." Court proceedings are held for the solemn purpose of endeavoring to ascertain the truth which is the <u>sine qua non</u> of a fair trial.courts have devised careful safeguards by rule and otherwise to protect and facilitate the performance of this high function. See Estes v. Texas 381 U.S 532 (S.ct 1965) {14 L. Ed. 2d 549} *id* at 549 respondents cannot deny petitioner the essential rights of fair trial or deprive petitioner the body of evidence needed to ascertain the truth during trial.

Cir.), cert. denied, 441 U.S. 965, 60 L. Ed. 2d 1072, 99 S. Ct. 2416 (1979). *id at 73*

Congress mandated power to the executive was designed for scrutiny by the courts

and the courts have inherent authority to inquire into abuses that emanates from

such powers when the executive runs ultra vires of them. *See* United States v.

moussaoui 362 F.3d 292(4th Cir 2004), *[382 F.3d 468]* stating that

Governmental abuse of immunity power, however, vitiates the opportunity to

prosecute claims because when the Government's misconduct threatens to impair

the defendant's right to a fair trial, it is proper for the district court to protect that

right by compelling the Government to comply with the rights and rules of fair

trial. Respondents actions demonstrates admission of guilt and knowing that it has

continuously employed means to remove petitioner without affording him the right

to due process. *See* INS v. Yueh-Shai o Yang, 519 U.S. 26, 32, 136 L. Ed. 2d 288,

117 S. Ct. 350 (1996) (holding that an irrational departure from established policy

by which an agency exercises its discretion could constitute action that must be

overturned as an abuse of discretion). [6]

---

[6] Malfeasance is defined: incompetence, inefficiency, dishonesty, neglect of duty, violation of any other responsibility or failure of good behavior, any other acts that shocks the conscience of the public. *See* Adams v. walker 492 F.2d 1003 (7thCir 1973) Malfeasance in office is generally defined to be the wrongful or unjust doing of some official act which the doer has no right to perform, accompanied by some evil intent or motive." State v. Wallace, 59 Del. 123, 214 A.2d 886, 890 (Del. 1963). See also." State v. Langley, 214 Ore. 450, 323 P.2d 301, 309-10 (1958). "Malfeasance means evil doing, the doing of an act which is wholly wrongful and unlawful.

**Due process denials has impaired Petitioners right substantively and procedurally affected petitioners right to fair and unbiased hearing.**

While Respondents have tried to remove petitioner on more than one stance "illegally"; inquiry into that abuse of discretion alongside the denial of access to courts to remedy that deprivation remains with the Courts.  Petitioner's camera was of importance to the outcome of his immigration proceedings respondents not only deprived him of his access to that camera but eventually took possession of the camera absent petitioners consent substantively affecting the outcome of his proceedings in violation of his due process rights see (Apprendi V. New jersey) 530 U.S. 466; 120 S. Ct. 2348; 147 L. Ed. 2d 435; 2000 U.S. LEXIS 4304;(S.ct 2000) (internal citation, marks absent).  Deciding that the due process clause should not be treated as a device for freezing the evidential procedure of sentencing in the mold of trial procedure. Petitioner's missing property is a deliberate act orchestrated by the respondents an abuse of its congress-mandated authority in violation of his Petitioner's due process rights. Substantive due process "prevents governmental power from being used for purposes of oppression, or abuse of government power that shocks the conscience, or action that is legally

irrational [in that] it is not sufficiently keyed to any legitimate state interests."

Washington Teachers' Union v. Bd. of Educ. of the Dist. of Columbia, 324 U.S.

App. D.C. 1, 109 F.3d 774, 781 (D.C. Cir. 1997) (quoting Comm. of United States

Citizens Living in Nicaragua v. Reagan, 273 U.S. App. D.C. 266, 859 F.2d 929,

943-44 (D.C. Cir. 1988). No rational explanation can be offered as to absurdity

represented by delaying petitioner's access to the courts let alone the deprivation of

evidence, which constitutes theft egregious, outrageous, and flagrant indignities to

detainees right to equal treatment and protection under due process. *According to*

*the court in* Young V. Hampton, 568 F.2d 1253; 1977 U.S. App. LEXIS 5433 (7th

Cir 1977) the agency misconduct in certain egregious circumstances, where the

adverse effect of the misconduct, reasonably be deemed substantial, and where

showing an absence of efficiency of the service, the nature of the misconduct may

"speak for itself." Regardless of its basis is also subject to review and may be

neither arbitrary nor capricious. There is an explicit demonstration of ineptitude

and inefficiency by the respondents its action not only deliberately deprived

petitioner the opportunity to present evidence in court but its substantially

impinged on petitioners access to needed materials needed to prosecute his claims.

In applying Maharaj v. Ashcroft, 295 F.3d 963(9th Cir. 2002)'s rule, *id* at 966, the

appropriate traditional standard in grant of injunctive relief, petitioner has balanced

and shown probability of success on the merits and the showing of irreparable

harm through the series of legal questions raised by the unconstitutional and

impermissible denials; these legal questions raised tips favorably in petitioner's

direction. *See* Nadarajah, *Supra, id* at 1083. This questions represents the extreme

of single continuum rather than two separate standards *See* Immigrants Assistance

Project of Los Angeles County Fed'n of Labor v. INS, 306 F.3d 842,873 (9th Cir

2003), for petitioners demonstration of hardship and strong chances of success on

merits.

## IV. **STATEMENT OF CLAIM**.

PETITIONER asserts that the respondents refusal in attending to the issues

presented demonstrate it's non-challant attitude towards persons in his custody.

It not only refused to provide any explanation to the disappearance surrounding

the missing property but also proceeded to employ delay tactics.  The

presumptive due process rights assured persons in immigration custody is not

only absent but respondents actions have proven its lack of interest not only in

protecting It's subjects but also in inquiring into deprivations suffered it's

domain.  Petitioner initially suffered from the respondent's refusal to afford him

the access to the missing property which petitioner needed for a favorable

outcome during Petitioners immigration proceedings. Petitioners has not only

been denied access to the luggage but denied the opportunity to present evidence

in support of his claims in immigration court taking advantage of petitioners

detention status outside it's actions contravening statutory provisions in favor of

equal protection.  Despite complaining that it sited the missing property while

the illegal/aborted, removal was to be carried out and at its return back to CCA

the property was in disappearance, respondents did not in anyway see the need

to call the accusation of theft carried in its name by its agent into questioning, it

rather proceeded to turn its side to the complaint without a showing of position

or the need to address the complaint.

The court's inquiry into the deprivations presented in this complaint that have

created impediments in petitioners litigation will deter respondents from

prolonging issue currently moot and call for immediate inquiry while it remains

ambiguous the reason behind the delays and suffering petitioner is currently a

subject of.  Compelled discovery by this court will unveil respondents motive

while its contradiction will encourage theft by a governmental actor improperly

acting under statutory powers designed to ensure justice and equal protection.

Refusal to issue this efficacious writ will not only undermine the purpose of

equal treatment and protection and due process but support the inconvenience

and prejudice suffered as a result of the malfeasance; without any regard for the

efforts petitioner has mounted in exhausting administrative remedies that has not

only proved abortive but tedious in challenging his detention and denials which,

has ultimately deprived the Petitioner of not only his property but, the benefit of immigration proceedings.

An inquiry into such ominous act is long overdue and should be compelled through the efficacious writ of mandamus as petitioner has demonstrated extenuating, compelling, and extraordinary circumstances it is plea for the issuance of the panacea writ. Respondents knew fully well that the Camera and its content was essential to the outcome of his proceedings it nevertheless exercise its abuse of its subjects again by depriving respondent of access to that crucial evidence. Petitioner asserts that his NIKON camera, plane tickets and film was deprived of his proceedings eventually of him by the Respondents in an attempt to deprive him of access to fair hearing and opportunity to present evidence in his Favor; as the damages perpetrated by the respondents have psychologically turned Petitioner subjective and deprived him of due process. The presumptive due process constitutionally guaranteed a government detain is absent and its absence can only be called to discovery through the issuance of the requested efficacious writ of mandamus.

The issuance of the writ of Mandamus Pursuant to 28 U.S.C 1361 compelling the respondents will palliate the morass of 34 months since he has demonstrated extraordinary extenuating and compelling grounds.

1

2

## V.    PRAYER FOR RELIEF.

3

4  Petitioner prays that the honorable court grants the requested relief as followed:

5

6  I.    Assume jurisdiction over this matter.

7  II.    Grant Petitioner the Writ of Mandamus Pursuant to 28 U.S.C. 1361

8  III.    Order the respondents to immediately seize and desist from depriving
       petitioner access to his due process rights and immediate release of
9       evidences belonging to the petitioner in the Respondents custody

10  IV.    Enter a preliminary and injunctive order precluding the respondents from
       further punishment and impeding petitioner's access to the due process.

11  V.    Grant all other relief that this honorable courts dims fit for the petitioner'[7]s
       liberation.

12

13

14  I ADELEKE AYODEJI AKINYELE hereby affirm under the penalty of perjury

15  that the following is true and correct to the bets of my Knowledge

16

17  ADELEKE AYODEJI AKINYELE (IN PRO PER)

18  1115 N. IMPERIAL AVE,

   EL CENTRO CA, 92243

19

20

21

22

23

24

25

1

2

3

### CERTIFICATE OF SERVICE.

4

5

6  **I** hereby certify that on this 28th day of March 2008, one of each Copy of the

7  Foregoing "Petitioner for the Writ of mandamus " was served upon Counsel for

8  Respondent's by First class mail addressed to:

9

10

11  **Karen. P. Hewitt**
U.S Attorney for the Southern District of California
12  Civil Division
880 Front street Suite 4290
13  San Diego California 92101
Attorneys for the Respondents
14  **MICHAEL CHERTOFF**, **Secretary,**
**Department of Homeland Security**
15  **ROB.F. BAKER**, **District Director, Immigration and Customs Enforcement**

16

17

18  3/28/2008

19

20

21  **AKINYELE ADELEKE**

22

23

24

25

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

**FILED**

APR 03 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Akinyele Adeleke Ayodeji

**DEFENDANTS**

Michael Chertoff, Rob F. Baker

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** San Diego
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Pro Se
1115 N. Imperial Avenue
El Centro, CA 92243

**ATTORNEYS (IF KNOWN)**

'08 CV 0626 BEN AJB

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question
                                    (U.S. Government Not a Party)

☒ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
(For Diversity Cases Only)          FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 U.S.C.1361

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Electmant | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   **DEMAND $**   Check YES only if demanded in complaint: **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE _____ Docket Number _____

**DATE** 4/3/2008   SIGNATURE OF ATTORNEY OF RECORD